IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:11CR17 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| ERIC LOZANO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's objection, Filing No. 33, to the Findings and Recommendation ("F&R") of the magistrate judge. *See* Filing No. 29, Findings, Recommendation and Order; Filing No. 32, Transcript (Tr.) at 29-36. The magistrate judge recommended granting the defendant's motion to suppress, Filing No. 23. *See* Filing No. 32, Tr. at 8. The defendant is charged with being a felon in possession of a firearm. Filing No. 1, Indictment. He seeks to suppress evidence seized from his person and statements he made when he was stopped and searched while walking on "N" Street in Omaha, Nebraska, on December 10, 2011.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record including the transcript of the suppression hearing on March 16, 2010.

### FACTS

The government does not challenge the magistrate judge's recitation of the facts. The court accepts the factual findings of the magistrate judge and they will be repeated only as necessary to this opinion. *Id.* at 28-30. The magistrate judge credited the testimony of Omaha Police Officer Tyler Strickler who testified that at approximately 10:00 p.m. on

Decemnber 9, 2010, while patrolling looking for gang graffiti, he observed a person dressed in a hooded sweatshirt emerge from an alley between 23rd and 24th streets on the north side of "N" Street in Omaha, Nebraska. *Id*. at 6. Officer Strickler was driving an unmarked police cruiser and was wearing a dark tactical-unit uniform, not a traditional police uniform. *Id*. at 22-23. He stated that he pulled up alongside the individual and illuminated him with a spotlight. *Id*. at 7. He testified that he was trying to determine if the individual was a gang member or was carrying a can of spray paint or had paint on his hands. *Id*. In response, the individual kept walking and did not look at the car. *Id*. Officer Strickler testified that he could not could not see the defendant's face well enough to determine gang status and he did not observe any paint cans or evidence of paint. *Id*. at 7-8. Officer Strickler testified that he did not regard the defendant's conduct to be "normal" because "almost every person that I come in contact with if I spotlight them to illuminate them, they'll look towards me, and usually they'll stop to see who I am." *Id.* at 8. He then "chirped" his siren and the defendant turned to look and then continued walking. At that point, Officer Strickler exited the cruiser and told the defendant to stop. *Id.* The defendant stopped and Officer Strickler approached him and noticed a bowtie tattoo on his neck. *Id.* at 10. The officer then told the individual to put his hands on his head. *Id.*

The magistrate judge found that the government had not met its burden under *Terry v. Ohio,* 392 U.S. 1, 18-19 (1968), to show a reasonable articulable suspicion of criminal activity to justify a brief investigative detention. *Id.* at 32-33. The magistrate judge found there "is no reason why anyone has to talk to a police officer if they don't want, in the absence of a *Terry* situation, and I don't find sufficient evidence here to find that conclusion." *Id.* at 33. Further he found that the defendant's statements should be suppressed as fruit of the poisonous tree. *Id.* at 34.

2

The government challenges the magistrate judge's finding, contending that the law enforcement officer has reasonable suspicion to support detaining the defendant for a minimally intrusive stop. It argues that evasive and erratic behavior can contribute to a finding of reasonable suspicion.

**DISCUSSION**

The court agrees with the magistrate judge's conclusion for the reasons stated in his opinion. The government does not argue that the encounter was consensual. A law enforcement officer must have reasonable suspicion to stop and frisk an individual walking along a street, even in a high-crime area. *See, e.g., United States v. Jones*, 606 F.3d 964, 966-67 (8th Cir. 2010) (stating that there must be reasonable suspicion of ongoing criminal activity justifying a stop before a coercive frisk may be constitutionally employed). "'Being stopped and frisked on the street is a substantial invasion of an individual's interest to be free from arbitrary interference by police,' and the police have 'less invasive options' for 'identifying the perpetrators of crime.'" *Id.* at 968 (quoting *United States v. Hughes*, 517 F.3d 1013, 1018 (8th Cir. 2008)).

Reasonable suspicion "is determined by 'look[ing] at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing [based upon his] own experience and specialized training to make inferences from and deductions about the cumulative information available.'" *Jones*, 606 F.3d at 966-67 (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citations and quotations omitted). Though officers may not rely on "inarticulate hunches" to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause. *Id.* The critical question is whether the officer "had a 'particularized and objective basis' for his suspicion." *Jones*, 606 F.3d at 967 (quoting *Arvizu,* 534 U.S. at 273).

3

In the present case, the officer's suspicions of a possible graffiti offense were dispelled when he did not observe any paint. The officer was not investigating any specific crime and had no information that the defendant was involved in any illicit activity. He expressed no concerns for officer safety. There was no articulated reason for the officer to suspect the defendant was a member of a gang. The defendant did not panic or flee, but merely continued walking. The court agrees with the magistrate judge that there is simply no evidence of other suspicious circumstances that would give rise to a suspicion that criminal activity was afoot. Walking in a high-crime area and wearing a hooded sweatshirt in winter are activities that are "shared by countless, wholly innocent persons." See *Jones*, 606 F.3d at 967. Accordingly,

IT IS ORDERED:

1. The government's objection (Filing No. 33) to the F&R of the magistrate judge is overruled.

2. The R&R of the magistrate judge (Filing No. 29 and Filing No. 32) is adopted.

3. The defendant's motion to suppress evidence and statements (Filing No. 23) is granted.

DATED this 15th day of April, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.